IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY AS SUBROGEE OF ITS INSUREDS SARITA AERIAL CONTRACTORS, INC. AND SCOTT B. THOMAS (DECEASED)<br><br>*Plaintiff,*<br>v.<br><br>M&M AIR SERVICE OF BEAUMONT, INC.<br><br>*Defendant.* | Case No. 1:22-cv-00375 |

**DEFENDANT M&M AIR SERVICE OF BEAUMONT, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1442(a)(1), Defendant M&M Air Service of Beaumont, Inc. ("Defendant") gives notice of the removal of this action from the 136th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support would show the Court the following:

**I.
FACTUAL BACKGROUND**

1. Plaintiff filed suit against Defendant in the 136th Judicial District Court of Jefferson County, Texas, in a case captioned *Starr Indemnity & Liability Company as Subrogee of its Insureds Sarita Aerial Contractors, Inc. and Scott B. Thomas (Deceased) v. M&M Air Service of Beaumont, Inc.* (the "State Court Action"). *See generally* Orig. Pet., **Ex. A-1**. According to Plaintiff's Original Petition, on July 30, 2020, two Air Tractor AT-802A airplanes, (1) N8510M owned and operated by Sarita and piloted by Scott B Thomas, and (2) N1558W owned and operated by Defendant, were involved in a mid-air collision near Elgin, Nevada while providing firefighting services to the federal government (the "Accident"). *Id.* at ¶ 8. The pilots were both fatally injured. Both airplanes were operating as single engine airtankers ("SEATs") under contract

with the United States Department of the Interior (the "DOI"), Bureau of Land Management ("BLM"), at the time of the Accident. *Id.* at ¶ 9. The DOI contracted with Sarita and Defendant in order to obtain firefighting services, specifically, to deploy fire retardant over wildfires in Nevada. *Id.* at ¶¶ 8–15.

2. Both of the airplanes involved in the Accident were under contract with the DOI, were designated as "public aircraft firefighting flights," and were performing a "government function" as defined by 49 U.S.C.A. sections 40102(a)(41) and 40125(a)(2). *See* 49 U.S.C.A. § 40102(a)(41); *see also* 49 U.S.C.A. § 40125(a)(2) ("The term 'governmental function' means an activity undertaken by a government, such as…firefighting…"). Further, both airplanes were directly controlled by a lead "air attack airplane" (hereinafter, "Lead Pilot") that was operated and/or contracted by the BLM, a federal government agency. Specifically, the Lead Pilot provided aerial reconnaissance of the fire environment in the fire traffic control area, and led the pilots to the retardant line. The Lead Pilot instructed the pilots of the firefighting strategy, location, and approach route. Importantly, the Lead Pilot briefed the pilots on the appropriate exit procedure.

3. The contract between Defendant and the DOI (the "Government Contract") requires, among other things, the Defendant's pilot to complete specific government-required trainings prior to performing firefighting. All training, therefore, is governed by the Government Contract. Defendant and its pilot adhered to the training requirements set forth in the Government Contract.

4. As a result of the Accident, Plaintiff asserted a negligence claim against Defendant alleging that: (1) the pilot for the aircraft owned and operated by Defendant was negligent in the operation of the aircraft; and (2) Defendant was negligent for failing to properly monitor/train its pilot, and failing to provide effective operating procedures. *Id*. at ¶¶ 22–23.

## II.
## PROCEDURAL REQUIREMENTS

5. This Notice of Removal is being filed within 30 days after receipt by Defendant of Plaintiff's Original Petition and citation, and is therefore timely under 28 U.S.C. § 1446(b).

6. This action is properly removed to this Court because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders filed in the State Court Action. *See* **Exs. A-1** through **A-4**.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the 136th District Court for Jefferson County, Texas.

## III.
## GROUNDS FOR REMOVAL

9. Under 28 U.S.C. § 1442—commonly referred to as the Federal Officer Removal Statute—"[f]ederal officers may remove cases to federal court that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). "[S]ection 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response." *Id.* Stated differently, "the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* at 290–91 (citing *Mesa v. California*, 489 U.S. 121, 136 (1989)).

10. A defendant may also remove a lawsuit pursuant to Section 1442(a) if it shows the following: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais*,

951 F.3d at 296; *see* 28 U.S.C. §§ 1331 and 1442(a)(1). As set forth below, Defendant satisfies each of the four elements.

A.     **DEFENDANT ASSERTS A COLORABLE FEDERAL DEFENSE.**

11.    To be considered "colorable," a federal defense does not have to be clearly sustainable. *Latiolais*, 951 F.3d at 296–97. "[I]f a defense is plausible, it is colorable." *Id*. at 297; *see also Butler v. Coast Elec. Power Ass'n*, 926 F.3d 190, 195 (5th Cir. 2019) ("A colorable federal defense does not need to be 'clearly sustainable,' as § 1442 does not require a . . . person acting under a federal official to win his case before he can have it removed.") (internal quotations omitted).

12.    Defendant herein asserts a colorable federal defense—*i.e.,* the government contractor defense. Plaintiff asserts a claim for negligent training, and all training at issue is specifically described and governed by the Government Contract. Defendant and its pilot adhered to the training requirements set forth in the Government Contract, and Defendant performed all firefighting services pursuant to the DOI in the Government Contract. Additionally, both DOI-contracted airplanes involved in the Accident were designated as "public aircraft firefighting flights." Title 49 U.S.C.A § 40125 sets forth qualifications for "public aircraft status" and specifically defines "government function" as "an activity undertaken by a government, such as …firefighting…" 49 U.S.C.A. § 40125. Further, both pilots involved in the accident were directly controlled by a Lead Pilot, that was operated and/or contracted by the BLM, a federal government agency. Therefore, both airplanes/pilots were operating at the direction of the federal government. Specifically, the Lead Pilot provided aerial reconnaissance of the fire environment, led the pilots to the retardant line, briefed the pilots on appropriate exit procedure, and provided firefighting strategy and approach route.

13. Because Plaintiff sued Defendant for negligently training its pilot and negligent operations and (1) training is specifically dictated by the Government Contract, (2) Defendant performed the work at the request of the government in adherence to explicit training and instructions, (3) firefighting is explicitly defined as a "government function" for public aircrafts, and (4) both pilots acted at the direction of a government-contracted Lead Pilot, Defendant is entitled to the government contractor defense. *See* 49 U.S.C.A. § 40102(a)(41); *see also* 49 U.S.C.A. § 40125(a)(2); *see Martinez v. Sci. Applications Int'l Corp.*, No. 1:10-CV-207, 2015 WL 11109381, at *14 (S.D. Tex. June 29, 2015) (Holding the government contractor defense barred claim for negligent training to operators); *see Taylor Energy Co., L.L.C. v. Luttrell*, 3 F.4th 172, 173 (5th Cir. 2021) (Derivative immunity "shields contractors whose work was authorized and directed by the Government of the United States and performed pursuant to [an] Act of Congress.") (internal quotations omitted); *see also Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988) (stating that "obligations to and rights of the United States under its contracts are governed exclusively by federal law," and liability of independent contractors performing work for federal government is an area of "uniquely federal interests."); *see In re Air Disaster at Ramstein Air Base Germany on 8/29/90*, 81 F.3d 570, 576 (5th Cir. 1996); *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1334-35 (11th Cir. 2003). Defendant plainly satisfies the first prong.

B. **DEFENDANT IS A "PERSON" WITHIN THE MEANING OF THE STATUTE.**

14. As a corporate entity, Defendant is a "person" within the meaning of the Federal Officer Removal Statute. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("[C]orporate entities qualify as 'persons' under § 1442(a)(1)."). Accordingly, Defendant satisfies the second prong.

C. **DEFENDANT ACTED PURSUANT TO A FEDERAL OFFICER'S DIRECTIONS.**

15. Defendant likewise satisfies the third prong. Defendant was tasked with performing firefighting services pursuant to training requirements, specifications, and directions set out by the DOI as set forth in its Government Contract. These facts alone are sufficient to meet this prong. *See Latiolais*, 951 F.3d at 296.

D. **THE CONDUCT PLAINTIFF COMPLAINS ABOUT IS CONNECTED TO OR ASSOCIATED WITH AN ACT PURSUANT TO A FEDERAL OFFICER'S DIRECTIONS.**

16. Finally, the charged conduct—*i.e.*, Defendant's purported negligence—was performed by Defendant at the request, oversight and direction of the government and in accordance with, among other things, the government's training requirements and specifications. The Fifth Circuit in *Latiolais* recognized that a civil action meets this requirement if it is "connected or associated with an act under color of federal office." *Latiolais*, 951 F.3d at 290. Thus, the fourth and final prong is satisfied. *See id*. at 296; *see also Winters*, 149 F.3d at 399–400 (finding that the defendant's acts performed pursuant to government specifications and oversight were sufficiently connected to a federal officer's directions).

17. In sum, the Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. §§ 1331 and 1442(a)(1) as a suit against a federal officer.

## CONCLUSION

WHEREFORE, Defendant removes this case to the United States District Court for the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C. §§ 1331, 1441 and 1442(a)(1), and respectfully requests that the Court proceed with this action as if it had originally commenced in this Court, make all orders necessary and appropriate to effectual this removal, and prays for any such other or further relief to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Stuart B. Brown, Jr.*
    STUART B. BROWN, JR.
    State Bar No. 24006914
    JUSTIN V. LEE
    State Bar No. 24097982
    LAUREN T. ZANG
    State Bar No. 24110768

    **JACKSON WALKER LLP**
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    Tel: 214-953-6000
    Fax: 214-953-5822
    bbrown@jw.com
    jlee@jw.com
    lzang@jw.com

    **ATTORNEYS FOR DEFENDANT**
    **M&M AIR SERVICE OF BEAUMONT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by electronic service on September 9, 2022.

    */s/ Stuart B. Brown, Jr.*
    Stuart B. Brown, Jr.