EXHIBIT
A-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/29/2022 2:25 PM
JAMIE SMITH
DISTRICT CLERK
D-210124

CAUSE NO._____

| | | |
|---|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY AS SUBROGEE OF ITS INSUREDS SARITA AERIAL CONTRACTORS, INC. AND SCOTT B. THOMAS (DECEASED)** | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | |
| **M&M AIR SERVICE OF BEAUMONT, INC.** | § § § § | JEFFERSON COUNTY, TEXAS |
| *Defendant.* | § § § | _____ JUDIDIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Starr Indemnity & Liability Company as subrogee of its insureds Sarita Aerial Contractors, Inc and Scott B. Thomas (Deceased) by and through its undersigned attorneys, bring this action against Defendant M&M Air Service of Beaumont, Inc. for compensatory damages, pre-judgment and post-judgment interest, costs, and for such other damages and relief to which it will show itself entitled and would respectfully show the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

1. Pursuant to *Tex.R.Civ.P.* 190.4 discovery is intended to be conducted under Discovery Control Plan – Level 3. Additionally, pursuant to *Tex.R.Civ.P.* 193.7, Plaintiff serves notice on Defendants that Plaintiff intends to use documents produced by Defendant in response to written discovery for use against Defendant in any pretrial proceeding or at trial.

## II.
## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Starr Indemnity & Liability Company ("Plaintiff" or "Starr") is, and was at all relevant times, a Texas Corporation with its principal place of business in New York, New York. Starr is a subrogee of its insureds Sarita Aerial Contractors, Inc. ("Sarita") and Scott B. Thomas (Deceased).

3. Defendant M&M Air Service of Beaumont, Inc. ("Defendant" or "M&M") is, and was at all relevant times, a Texas Corporation with its principal place of business in Beaumont, Texas. **It may be served with process on its registered agent, George F. Mitchell, Jr., 12895 TX-124, Beaumont, TX 77705.**

4. This Court has jurisdiction as the damages sought are within the jurisdictional limits of this Court.

5. Venue is proper in Jefferson County, Texas, pursuant to the *Texas Civil Practice and Remedies Code*, Chapter 15, because Defendant's principal place of business is located in Jefferson County, Texas.

## III.
## ASSUMED AND COMMON NAMES

6. Pursuant to *Tex.R.Civ.P.* 28, Plaintiff hereby gives Defendant notice that it is being sued in all of its business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or private corporations.

## IV.
## RULE 47 NOTICE

7. Pursuant to *Tex.R.Civ.P.* 47 (c)(4) Plaintiff seeks monetary relief over $1,000,000.00, and for any and all other relief that Plaintiff may show itself justly entitled.

Plaintiff seeks damages associated with the loss of its aircraft totaling $900,000.00. Plaintiff further seeks damages associated with workers' compensation benefits paid to or on behalf of Scott B. Thomas' behalf pursuant to *Texas Labor Code* §§ 417.001 – 417.004, totaling over $100,000.00.

## V.
## FACTS

8. On July 30, 2020, about 12:56 p.m. Pacific daylight time ("PDT"), two Air Tractor AT-802A airplanes, 1) N8510M owned and operated by Sarita and piloted by Scott B. Thomas and 2) N1558W owned and operated by Defendant M&M were destroyed when they were involved in a mid-air collision near Elgin, Nevada. The pilots of both airplanes were fatally injured. The airplanes were operated as public aircraft firefighting flights.

 

9. The airplanes were operating as single engine airtankers ("SEATs") under contract to the US Department of the Interior ("DOI"), Bureau of Land Management ("BLM") at the time of the accident. The pilots were dispatched to a wildland fire about 09:00 a.m. PDT for their first drop.

10. Automatic dependent surveillance-broadcast ("ADS-B") data showed that the airplanes departed Mesquite, Nevada, as a flight of two about 12:25 a.m. PDT to deploy their third load of fire retardant. The ADS-B data showed that N8510M, owned and operated by Sarita and piloted

by Scott B. Thomas was in lead and N1558W owned and operated by Defendant M&M was in trail as they flew northeast toward the Fire Traffic Area ("FTA") in a climb.

11.     When the two airplanes were about 12 nautical miles from the FTA, they checked in with air attack who briefed them and cleared them into the FTA. The exit procedure that had been briefed for the pilots of N8510M and N1558W required them to turn left (to the northeast) and climb to 6,500 ft msl after the fire retardant drop.

12.     At 12:52:47 p.m. PDT, the pilot of N8510M started a descent from 7,100 ft msl along with a slight right turn to the north followed by a turn to the west about 15 seconds later. The pilot of N1558W followed the movements of N8510M from about 1,500 ft behind. At 12:54:37 p.m. PDT N8510M turned left to a southeast heading and descended from about 6,000 ft msl, with N1558W still about 1,500 ft in trail. N1558W began a turn to the southeast a few seconds later and descended from 6,100 ft msl but, upon leveling out, was about 500 ft in trail of and 100 ft below N8510M on a heading about 145° magnetic. At 12:55:38 p.m. PDT the data for N8510M showed the airplane in a climb along a southeast heading. At 12:55:45 p.m. PDT the data for N1558W showed the airplane in a climb on a similar heading about 70 feet in trail and 125 feet below N8510M.

13.     After the first airplane (N8510M) dropped its retardant load, the second airplane (N1558W) began to encroach on the first airplane at a rapid rate. The first airplane (N8510M) descended to a low altitude, deployed fire retardant, and then immediately began a shallow climb. The second airplane (N1558W) was following very close in trail of N8510M during this time. N1558W then deployed fire retardant and began a rapid climb.

14.     The pilot of N1558W announced over the radio that he had retardant on his windshield and was initiating a go-around and planned to perform an emergency release of his remaining load. As N1558W climbed, it suddenly began a left turn and collided with N8510M. Both airplanes then

descended rapidly to the ground. The lead airplane (N8510M) was destroyed and Sarita presented a claim for the hull loss to Starr which it paid. Starr, is subrogated to the extent of its payment to Sarita for the loss of its airplane.

15. The cause of the accident was the trailing pilot's (N1558W) negligent failure to maintain separation from the lead airplane (N8510M) during the fire retardant deployment flight, which resulted in the trailing airplane flying through a plume of retardant and the trailing pilot's subsequent loss of visibility that led to a collision with the lead airplane.

16. The trailing airplane (N1558W) was negligently operated by an employee/agent of Defendant M&M acting within the course and scope of his employment/agency when it struck the lead airplane (N8510M), proximately Plaintiff's damages.

17. At all relevant times, the pilot flying the trailing airplane (N1558W) was an employee and/or agent of Defendant M&M and M&M is therefore vicariously responsible for all of his negligent acts and omissions under the doctrine of *respondeat superior*/agency.

18. At all relevant times, Scott B. Thomas was employed by Sarita and was in the course and scope of his employment when the fatal crash occurred.

19. At all relevant times, workers' compensation benefits have been, and continue to be, issued on behalf of Thomas by Starr in accordance with *Texas Labor Code* §§ 417.001 – 417.004.

20. The workers' compensation benefits issued consisted of indemnity and other benefits in accordance with *Texas Labor Code* §§ 417.001 – 417.004.

21. Pursuant to *Texas Labor Code* §§ 417.001 – 417.004, Starr, is subrogated to the extent of workers' compensation benefits paid on behalf of Scott B. Thomas.

## VI.
## CAUSES OF ACTION

A.     **NEGLIGENCE:**

22.    Plaintiff would show that, Defendant M&M is liable for the actions of its pilot/operator under the theory of *respondeat superior/*agency who was in the course and scope of his employment/agency at the time of the incident in question. Defendant M&M's employee/pilot/operator was negligent in the following respects:

   a.   failing to see and avoid the lead airplane (N8510M);

   b.   following too closely to the lead airplane (N8510M);

   c.   failing to maintain adequate separation between the lead airplane (N8510M) and the trailing airplane (N1558W):

   d.   failing to adequately scan nearby airspace for other aircraft, including the lead airplane (N8510M);

   e.   failing to give the right of way to the lead airplane (N8510M); and

   f.   failing to take appropriate evasive action to avoid the lead airplane (N8510M).

23.    Defendant M&M was also negligent in the following respects:

   a.   failing to properly monitor, entrust and train its pilot;

   b.   failing to promulgate appropriate and effective standard operating procedures to avoid mid-air collisions; and

   c.   failing to perform other actions that will be determined in the course of discovery and at trial.

24.    As a result of the aforesaid negligent acts and omission of M&M, including its agents and/or employees and the pilot of the trailing airplane (N1558W) Plaintiff has suffered substantial damages to which Plaintiff is entitled to relief as stated herein.

## VII.
## PRESERVATION OF EVIDENCE

25. Plaintiff hereby demands that Defendant and all of its agents, employees, attorneys and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident that is the basis of this lawsuit, or the damage resulting therefrom, including but not limited to all training records, personnel records, photographs, videotapes, audiotapes, recordings, correspondence, emails, memoranda files, facsimiles, voicemails, text messages and/or cellular phone records. Failure to maintain such items will constitute spoliation of the evidence and may subject Defendant to Sanctions.

## VIII.
## JURY DEMAND

26. Plaintiff respectfully requests that the trial of this cause be by jury and Plaintiff will tender the requisite jury fee.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiff respectfully request that Defendant be cited to appear and answer herein and that upon full and final hearing of this case, Plaintiff have judgment of and from Defendant as follows:

    a)    For all actual damages, both past and future, as prayed for herein;

    b)    For all of Plaintiff's costs of court;

    c)    For pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

    d)    For post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected; and

    e)    For such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiff to be justly entitled.

Respectfully submitted,

*/s/ Don Swaim*
Don Swaim– Attorney in Charge
Texas Bar No. 19545200
D. Todd Parrish
Texas Bar No. 24011298
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Phone: 214-646-1495
Facsimile: 214-613-1163
dswaim@cunninghamswaim.com
tparrish@cunninghamswaim.com

**ATTORNEYS FOR PLAINTIFF
STARR INDEMNITY & LIABILITY
COMPANY AS SUBROGEE OF ITS
INSUREDS SARITA AERIAL
CONTRACTORS, INC.  AND
SCOTT B. THOMAS (DECEASED)**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelea Endicott on behalf of Gary Swaim
Bar No. 19545200
cendicott@cunninghamswaim.com
Envelope ID: 66809534
Status as of 7/29/2022 2:32 PM CST

Associated Case Party: Star Indemnity & Liability Company as Subrogee of its Insureds Sarita Aerial Contractors, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Debbie K.Scarborough | | dscarborough@cunninghamswaim.com | 7/29/2022 2:25:01 PM | SENT |
| D. TODD PARRISH | | TPARRISH@CUNNINGHAMSWAIM.COM | 7/29/2022 2:25:01 PM | SENT |
| Don Swaim | | dswaim@cunninghamswaim.com | 7/29/2022 2:25:01 PM | SENT |
| Chelsea Endicott | | cendicott@cunninghamswaim.com | 7/29/2022 2:25:01 PM | SENT |